# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHANNON SCHWARZ, Individually and as Natural Mother and Next Friend of A.S., a Minor,<br><br>    Plaintiff,<br><br>vs.<br><br>PFIZER INC.,<br><br>    Defendant. | Case No. 4:15-cv-00579-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court Defendant Pfizer, Inc.'s Motion to Dismiss (Doc. 6). Defendant filed its Motion to Dismiss and Memorandum in Support on April 6, 2015 (Docs. 6, 7). However, Plaintiff did not respond to Defendant's Motion with in the time contemplated by the local rules. In an order entered on July 6, 2015, the Court granted Plaintiff until July 13, 2015 to respond to Defendant's motion, and warned that failure to do so would result in the Court's ruling on Defendant's unopposed motion (Doc. 9). To date, the Court has not received any response from Plaintiff. Therefore, the Court rules on Defendant's unopposed motion to dismiss. For the following reasons, Defendant's motion will be **GRANTED.**

## I. Background

On February 28, 2015, Plaintiff Shannon Schwarz, individually and as next friend of A.S., a minor, filed this action in the Circuit Court of the City of Saint Louis against Defendant claiming that she or her next friend suffered various damages arising out of Defendant's research, development, manufacture, design, testing, sale and marketing of the antipsychotic drug Zoloft® (sertraline). Specifically, Plaintiff asserts that she took Zoloft® during her

1

pregnancy and that her child, A.S., was born in Lawrence, Kansas with birth defects, including a cleft lip, caused by Plaintiff's ingestion of the prescription drug.

On April 6, 2015, Defendant removed this action to this Court on the basis of diversity jurisdiction. Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New York and Plaintiff is a citizen of the state of Kansas. Defendant now moves to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) for lack of personal jurisdiction. Relevant to the current motion, in her complaint, Plaintiff alleges the following regarding as it relates to personal jurisdiction:

> Plaintiff is informed and believes that, at all times material to this action, Defendant and/or one of its wholly owned divisions engaged in business in the state of Missouri. Defendant directly or indirectly, negligently and/or defectively made, created, designed, developed, manufactured, assembled, tested, labeled, supplied, packaged, distributed, promoted, marketed, advertised, warned and/or sold in interstate commerce, in the State of Missouri, ZOLOFT®. Defendant reasonably expected that ZOLOFT® would be sold and consumed in the State of Missouri. Because Defendant regularly conducted business in the State of Missouri, received substantial revenues from the State of Missouri and/or distributed products in the State of Missouri, Defendant is subject to suit in the State of Missouri.

(Doc. 1-1 at 2).

## II. Analysis

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts 'to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). "Although the evidentiary showing required at the prima facie stage is minimal, the showing must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion." *Id.* (internal citations, quotation marks and quoted case omitted). The

evidence must be viewed in the light most favorable to the plaintiff and all factual conflicts are resolved in its favor in deciding whether the plaintiff made the requisite showing. *Id.* (citing *Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996)).

The Court finds that Plaintiff has not met her burden. Defendant disputes Plaintiff's claims of jurisdiction as presented in Plaintiff's complaint. Defendant argues that Plaintiff has failed to allege facts to suggest that Defendant's "activities in Missouri are anything other than the unexceptional circumstance of a business conducting activities in multiple states" (Doc. 7 at 10). Specifically, Defendant notes that Plaintiff cannot plead that Defendant maintains its corporate headquarters in Missouri, is extensively managed from Missouri, or has revenues from sales of Zoloft® in Missouri that far exceed revenues in other states. Despite the Court's Order directing Plaintiff to respond to Defendant's Motion to Dismiss, Plaintiff has not countered these claims and has thus failed to satisfy her burden to demonstrate the Court has personal jurisdiction over the Defendant. Therefore, the Court will grant Defendant's motion.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Pfizer, Inc.'s Motion to Dismiss (Doc. 6) is **GRANTED** and this case is **DISMISSED without prejudice.**

A separate order of dismissal will accompany this memorandum and order.

Dated this 30th day of July, 2015.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**